■ In the Matter of ROBERT P. MEEGAN, JR., as President of Buffalo Police Benevolent Association, et al., Respondents, v ANTHONY MASIELLO, as Mayor of City of Buffalo, et al., Appellants. [802 NYS2d 576]—

Appeals from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered September 1, 2004 in a proceeding pursuant to CPLR article 78. The judgment denied respondents' motions to dismiss the petition, granted the petition in part, and directed respondent Buffalo Fiscal Stability Authority to rescind Resolution No. 04-35 insofar as it freezes the wages of City of Buffalo police officers.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motions are granted and the petition is dismissed.

Memorandum: Petitioners, the Buffalo Police Benevolent Association and its president, commenced this CPLR article 78 proceeding against respondents, the City of Buffalo (City), its mayor, and the Buffalo Fiscal Stability Authority (Authority), challenging the validity of a resolution promulgated by the Authority that freezes the wages of, inter alia, City police officers. Respondents appeal from a judgment denying their motions to dismiss the petition, granting the petition in part, and directing the Authority to rescind the resolution insofar as it freezes the wages of the police officers. Relying upon *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York* (41 NY2d 205 [1976]), Supreme Court concluded that, in imposing the wage freeze on the police officers, the Authority had "exceeded its legal authority" under the Buffalo Fiscal Stability Authority Act ([Act] Public Authorities Law § 3850 *et seq.*), particularly section 3858 (2) (c) (i). The court cited *Patrolmen's Benevolent Assn.* for the proposition that the Act "does not empower the . . . Authority to suspend any wage, salary or benefit increases [that] are embodied within a court's judgment," referring to a judgment rendered in a prior CPLR article 78 proceeding between petitioners and, inter alia, the City.

We conclude that the court's reliance on *Patrolmen's Benevolent Assn.* is misplaced because the wage increase at issue in that case did not exist by virtue of a collective bargaining agreement. Rather, the municipality had refused to bind itself by contract. Based on that refusal, the union had obtained an award in an impasse arbitration proceeding, and the award subsequently had been confirmed by the court (*see id.* at 206-207). Thus, the wage increase at issue in that case took effect exclusively "as the result of a judicially mandated remedy embodied in a judgment" of a court (*id.* at 208), placing the

wage increase beyond the ambit of the wage freeze statute at issue in that case. Here, in contrast, the wage increase has its genesis entirely in a collective bargaining agreement and thus was to take effect "pursuant to" (Public Authorities Law § 3858 [2] [c] [i]) or "by virtue of a collective bargaining agreement" (*Patrolmen's Benevolent Assn.*, 41 NY2d at 208).

Moreover, despite the court's determination to the contrary, the wage increase at issue in this case was not "embodied within" the court's prior judgment. The prior judgment does not refer to the wage increase at issue in this case and, indeed, the police officers' expectation of receiving that wage increase and the City's corresponding contractual obligation to pay it were not among the matters in dispute between the parties at the time of the prior CPLR article 78 proceeding. The result is no different merely because the prior judgment contained boilerplate directives to the effect that the collective bargaining agreement was valid and binding upon the parties to it and that "both parties [we]re obligated to satisfy their mutual obligations to each other under" the collective bargaining agreement. Because the prior judgment did not create any obligation to pay the wage increase at issue in this case, there is no conflict between the prior judgment and the wage freeze resolution. For that reason also, the rationale of *Patrolmen's Benevolent Assn.* does not apply to this case. Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.